Filed 7/29/15  P. v. Martel CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY MANUEL MARTEL,<br><br>    Defendant and Appellant. | B261803<br><br>(Los Angeles County<br>Super. Ct. No. PA028360) |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Timothy Manuel Martel, in pro. per. and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Timothy Manuel Martel was convicted in 1997 after a jury trial of carrying a concealed dirk or dagger with special findings, following a bifurcated court trial, that he had suffered serious or violent felony convictions for attempted robbery in 1986 and attempted murder in 1989 within the meaning of the three strikes law. The trial court sentenced Martel to an aggregate indeterminate state prison term of 25 years to life.

On July 25, 2013 the trial court denied Martel's petition for recall of sentence pursuant to Penal Code section 1170.126[1] on the ground Martel was ineligible for resentencing because one of his prior convictions was for attempted murder. (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).) Martel filed a timely notice of appeal.

We initially concluded Martel was challenging a nonappealable order, treated his purported appeal as a petition for writ of mandate, and denied the petition. Following the Supreme Court's decision in *Teal v. Superior Court* (2014) 60 Cal.4th 595, Martel renewed his notice of appeal. We directed the trial court to accept the renewed notice of appeal as timely.

We appointed counsel to represent Martel on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On April 28, 2015 we advised Martel he had 30 days within which to personally submit any contentions or issues he wished us to consider.

On June 1, 2015 we received a two-page typed response in which Martel contends the trial court was required to determine whether, during the commission of the commitment offense, he was armed with a firearm or deadly weapon or intended to cause great bodily harm, and under section 1170.126, subdivision (k), he is entitled to a new sentencing hearing for the trial court to consider whether the commitment offense should be reduced to a misdemeanor (§ 17, subd. (b)) or one of his prior strike convictions should be dismissed in the interest of justice (§ 1385).

---

[1]     Statutory references are to this code.

Martel does not dispute his 1989 conviction for attempted murder (§§ 187, 664), alleged and proved in this case, makes him statutorily ineligible for resentencing under section 1170.126. Accordingly, there was no reason for the trial court to determine whether the circumstance of the commitment offense itself also made him ineligible for resentencing. The trial court did not err in denying the petition for recall of sentence.

Section 1170.126, subdivision (k), provides, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant." Martel misinterprets this provision as allowing the trial court, after a petition to recall sentence has been heard and denied, to retain jurisdiction to modify his sentence for reasons other than those specified in section 1170.126. Instead, subdivision (k) is simply a savings clause, confirming that inmates included within the ambit of section 1170.126 retain the right to file petitions for a writ of habeas corpus or seek other forms of postconviction relief.

We have examined the entire record and are satisfied Martel's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSTION

The order is affirmed.


PERLUSS, P. J.

We concur:


ZELON, J.                                    SEGAL, J.

3